IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LETICIA ESTRADA-RUIZ, individual and as Representative of the Estate of MARGARITA ESTRADA-RUIZ, PEDRO ESTRADA-RUIZ, INDALECIO ESTRADA-RUIZ, and MAURICIO ESTRADA-RUIZ,<br><br>*Plaintiffs,*<br><br>v.<br><br>FORD MOTOR COMPANY, COOPER TIRE & RUBBER COMPANY,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§§ Civil Action No.  SA-13-CA-0991-XR |

**ORDER**

On this date the Court considered Defendants' Motion for Summary Judgment. (Doc. no. 33). For the following reasons the Court GRANTS the motion.

**I.   Factual Background**

Plaintiffs, Leticia Estrada-Ruiz, Pedro Estrada-Ruiz, Indalecio Estrada-Ruiz and Mauricio Estrada-Ruiz brought this lawsuit against Defendants Ford Motor Company ("Ford") and Cooper Tire & Rubber Company ("Cooper") (collectively, "Defendants") after their vehicle rolled over in Mexico.  On or about November 22, 2011, Leticia, Pedro, and Margarita were involved in a single car rollover crash that occurred on a highway north of the City of Coeneo in the State of Michoacán of the Republic of Mexico.  (Doc. no 28 at 2).  At the time of the accident, Pedro was driving a 1998 Ford Explorer XLT. *Id*.  His mother, Margarita, was in the front passenger seat and his sister, Leticia, was in the back seat.  (Doc. no. 24 at 1).  While

1

driving, Pedro attempted to pass a slow moving vehicle; however, upon realizing that he could not safely pass, tried to change back into his original lane.  (Doc. no 28 at 2–3).  Plaintiffs allege that as a result of the attempted lane change, the right front tire allegedly experienced sudden failure, causing the vehicle to lose control, and the car to roll over into the middle of the highway.  *Id*. at 3.  Both Pedro and Leticia suffered serious injuries, while their mother sustained fatal injuries.  *Id*.  Indalecio and Mauricio were not physically involved in the accident but are beneficiaries to the wrongful death cause of action for their mother's death.  *Id*. at 20.

Plaintiffs allege that Ford is liable for negligence and strictly liable for the damage caused by its 1998 Explorer.  *Id*. at 14–16.  To support their negligence claim, Plaintiffs contend that Ford "owed [them] a duty to use reasonable care in the design, manufacture, preparation, marketing, testing, instructing, and warnings surrounding the Explorer."  *Id*. at 14.  Plaintiffs maintain that Ford failed to meet its duty by producing a defective and dangerous vehicle.  *Id.* at 16.  Further, Plaintiffs allege that their vehicle was ineffectively designed making it unreasonably dangerous because it contained "defects in design, stability, manufacturing, handling, marketing, instructions, warnings, crash worthiness, rollover resistance, and controllability."  *Id.*

Additionally, Plaintiffs maintain that Cooper, the designer and manufacturer of the right front tire, should be found negligent and strictly liable for the damages that resulted due to its tire.  *Id*. at 17–18.  They assert that Cooper negligently designed a tire that was ill-equipped for its intended environmental use and did not employ good workman like processes during manufacturing.  *Id*. at 17.  To support their strict liability claim, Plaintiffs also maintain that

Cooper had prior knowledge of safer alternative designs, but "failed to incorporate them into the production." *Id*. at 18.

Lastly, Leticia, Pedro, Indalecio, and Mauricio brought forth bystander claims and a wrongful death/survival suit against Ford and Cooper. They seek compensation for past and future damages for physical pain, mental anguish, medical expenses, disfigurement, physical impairment, and loss of income, as well as recovery under Texas's wrongful death statute. *Id.* at 19–20.

## II. Procedural Background

On October 30, 2013, Leticia, Pedro, Mauricio and Indalecio, filed their original complaint. (Doc. no. 1). Defendants filed their answers on December 23, 2013. (Doc. nos. 7 and 8).

On October 1, 2014, Plaintiffs' counsel, Mark Stephen Cichowski, filed an unopposed motion to withdraw as attorney for Indalecio and Mauricio (the "Brothers"). (Doc. no. 24). In the motion to withdraw, Cichowski stated that despite several attempted phone calls, he had not been able to communicate with either Indalecio or Mauricio. Eventually, the phone calls led to the message that the phone number was no longer in service. *Id*. at 2. Family members informed Cichkowski that the Brothers had moved for employment purposes. *Id*. Communication efforts since they moved were futile and did not yield results. *Id*. The Court granted the motion to withdraw as to the Brothers on October 2, 2014. (Doc. no. 25).

On October 6, 2014, Plaintiffs filed their second amended complaint. (Doc. no. 28). Leticia and Pedro then settled their claims with Defendants through their counsel on November 3, 2014. (Doc. no. 31). After a period of inactivity, Defendants filed their joint motion for

summary judgment on February 17, 2015 for the claims made against them by the Brothers. (Doc. no. 33). The Brothers have not responded.

### III.     Legal Standard

A court shall grant summary judgment if the movant shows that there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). To establish that there is no genuine dispute over any material fact, the movant must submit evidence that negates the existence of some material element of the nonmoving party's claim or defense. *Lavespere v. Niagra Machine & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). If the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, the movant can merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Id.* Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, put differently, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.4 (1986); *Lavespere,* 910 F.2d at 178. In making this determination, the court should review all the evidence in the record, drawing all reasonable inferences in favor of the nonmovant and without making credibility determinations or weighing the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–555 (1990). The court also considers evidence supporting the moving

party that is uncontradicted and unimpeached. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

## IV. Analysis

**A. Defective Design**

To sustain an action for design defect under Texas law, a plaintiff must plead and prove the statutory requirements by a preponderance of the evidence. Those statutory requirements are: 1) there was a safer alternative design and 2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery. *See* TEX. PRAC. & REM. CODE § 82.005(a); *see also Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195–96 (5th Cir. 2006); *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 518 (5th Cir. 2001). A plaintiff has the burden to provide some evidence that an alternative product design exists that would have: 1) "prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility," and 2) was "economically and technologically feasible at the time the product left the control of the manufacturer or seller by application of existing or reasonably achievable scientific knowledge." *Id*. at 196.

Here, the Brothers' defective design claim fails for lack of evidence to support the elements in the design defect claim, including a safer alternative design. *See Casey v. Toyota Motor*, 770 F.3d 322, 333 (5th Cir. 2014) (concluding that a plaintiff failed to meet her burden to establish a safer alternative design to survive summary judgment). The only factual allegations that the Brothers set forth contain details regarding the development of the Ford Explorer from the Ford Bronco. (Doc. no. 28 at 4–10). They assert that Defendant Ford refused to make safer

design changes to avoid loss of profits, however no expert testimony was provided to support these allegations. *Id.* at 7. The references to consumer reports, highway safety reports, and field tests in the complaint alleging ineffective safety standards employed by Ford do not amount to evidence illustrating safer design alternatives. *See Laidlaw Waste Sys. v. City of Wilmer*, 904 S.W. 2d 656, 660 (Tex. 1995) (establishing that "pleadings are not competent evidence, even if sworn or verified). The Brothers have provided no summary judgment evidence to the Court. Thus, their defective claim against Ford fails for no evidence.

Additionally, Plaintiffs allege that Cooper ineffectively designed their tires to be without belt edge wraps, which allegedly would "increase the durability of steel-belted radial tires." (Doc. no. 28 at 13). They contend that a recent tire recall illustrates the manufacturing and design deficiencies that took place in Cooper's Georgia plant. *Id.* Despite these allegations, no evidence of any design defect elements, including a safer alternative design that was economically feasible for Cooper, was produced to the Court. *See Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195–96 (5th Cir. 2006). Thus, the Brothers' defective design claim against Cooper Tires fails for lack of evidence. The Court grants both Ford and Cooper summary judgment on the Brothers' design defect claims.

### B. Manufacturing Defect Claim

To establish a manufacturing defect claim in Texas, a plaintiff must provide evidence showing that the finished product deviated, through construction or quality, from the planned specifications or output that would render it unreasonably dangerous. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 434 (Tex. 1997) (collecting cases). Furthermore, "[a] plaintiff must prove that the product was defective when it left the hands of the manufacturer and that the

defect was a producing cause of the plaintiff's injuries." *Ford Motor Co. v. Ridgeway*, 135 S.W. 3d 598, 600 (Tex. 2004).

Here, no evidence was provided to indicate that the Ford Explorer or the tires in question that were placed on the vehicle were defectively manufactured. While the pleadings state that neither the vehicle nor the tires were substantially modified or altered by anyone, including Plaintiffs (Doc. no 28 at 15, 18), these allegations do not amount to evidence that the final product was a deviation from the desired product nor does it show that the product was defective when it left the manufacturer's control. *See Casey v. Toyota Motor*, 770 F.3d 322, 329 (5th Cir. 2014) (holding that plaintiff provided no evidence for her manufacturing defect claim since she did not provide the court with materials indicating that the air bags in her Toyota vehicle were different than the ones produced in the "same time period and installed in other [Toyota] vehicles"). No evidence was provided to show either product deviated from the planned specifications. Summary judgment is granted for both Ford and Cooper on the manufacturing defect claims.

### C. Negligence

To prevail on a negligence claim in Texas, a plaintiff must provide evidence of three elements: 1) defendant owed a legal duty to the plaintiff, 2) a breach of that duty, and 3) damages that were a proximate cause of the defendant's breach. *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W. 2d 472, 477 (Tex. 1995). To establish proximate cause there must be cause in fact and foreseeability. *Id.* Cause in fact is determined by establishing whether the defendants' negligent "act or omissions was a substantial factor in bringing about injury," where harm would not have occurred. *Id.* (quoting *Prudential Ins. Co. v. Jefferson Assocs., Ltd.*, 896 S.W. 2d 156, 161 (Tex.

1995)).  Plaintiffs contended in the second amended complaint that Ford "owed [them] a duty to use reasonable care in the design, manufacture, preparation, marketing, testing, instructing, and warnings surrounding the Explorer."  (Doc. no. 28 at 14).  Plaintiffs stated that Ford failed to meet its duty by producing a defective and dangerous vehicle.  *Id.* at 16.  Plaintiffs also asserted that Cooper negligently designed a tire that was ill-equipped for its intended environmental use, breaching its duty.  *Id.* at 17.

The Brothers have not met their burden of showing that Ford and Cooper proximately caused the injuries to their mother, or any other element of negligence.  *See Doe,* 907 S.W. 2d at 477.  They have presented no evidence showing the injury was a natural and probable consequence of the Defendants' actions.

The Brothers have also not established foreseeability.  Foreseeability requires "that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission."  *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998).  Foreseeability cannot be viewed with a hindsight advantage; and the Court must make an inquiry based on common experience.  *See Doe,* 907 S.W. 2d at 478.

Here, the Brothers have provided no evidence to support their claim that their mother's injuries were foreseeable to Ford and Cooper.  Thus, the Brothers' claim fails because they offer no evidence to support their negligence claim against Defendants.  *See Roberts v. TXU Energy Retail Co. LP.,* 171 S.W. 3d 901, 904 (Tex. 2005) (holding that the creation of a condition that could make harm possible does not constitute cause in fact, thus the court affirmed that defendants were entitled to summary judgment).  Summary judgment is granted for both Ford and Cooper on the negligence claims.

## V.     Conclusion

For all the reasons stated above, Defendants' Motion for Summary Judgment (Doc no. 33) is GRANTED.  Indalecio and Mauricio Estrada-Ruiz shall take nothing by their claims and their claims are dismissed on the merits.  Judgment in favor of Defendants and against Indalecio and Mauricio Estrada-Ruiz shall issue separately according to Rule 58.  Because there are no remaining claims in this case, the Clerk is directed to close this file.

It is so ORDERED.

SIGNED this 27th day of March, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE